

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Thomas E. Robertson
County Attorney, Camp County
Pittsburg, Texas

Dear Sir:

Opinion No. 0-7153
Re: Can sheriff legally make
charge for attending scene
of fatal wreck in his county,
taking charge thereof and aid-
ing in holding inquest? Also
would a collection of a fee
for such services be in viola-
tion of Art. 365 Penal Code?

We have received your recent request for an opinion,
quoted as follows:

"At the request of Mr. R. A. Deaton, Sheriff
of Camp County, I wish to submit the following
question, based on these facts:

"Where a sheriff is called to the scene of
a fatal accident, and upon arrival at the scene
finds one person dead, and several injured, and
the wreckage of an automobile. The Sheriff takes
charge of the dead man's personal belongings, and
carries the injured persons to the hospital. Sum-
moned the Justice of the Peace and assists him in
holding the inquest, and calls in an undertaker.
The Sheriff personally arranges for the injured
parties to receive the proper medical attention.
This occupying the Sheriff a little over four hours
in the night. Upon the arrival of the dead man's
father, the next day after the accident, the sheriff
turned the dead man's personal effects over to the
father, who asked the sheriff, what he owed him.
The sheriff replied that he thought $20.00 would be
a fair payment.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Thomas E. Robertson - Page 2

"The question submitted is: Under these
facts, can the Sheriff legally make a charge
for this service rendered?

"Is this collection under the above facts
in violation of Art. 365 P.C.?"

Article 41, Code of Criminal Procedure, provides in
part that each sheriff shall be a conservator of the peace in
his county, and shall arrest all offenders against the laws of
the State, in his view or hearing, and take them before the
proper court for examination or trial.

Articles 968-989, Code of Criminal Procedure, pro-
vides for proceedings in inquests upon dead bodies.

While the sheriff, as a "conservator of the peace"
would seem to be within the scope of his official duty in
attending promptly the scene of a violent death within his
county and the subsequent inquest thereon, yet he is not en-
titled to a fee of office for such attendance for the reason
that none is provided by law. See enclosed copy of Opinion
No. 0-5432 for similar holding in regard to constable's fees.
Of course, if an arrest is made by virtue of such investigation
of the fatality then the regular fees provided by law would be
available.

It is well settled as law that an officer is not
entitled to receive any compensation for his official services
other than that which has been provided by law. He may not
recover from third person compensation for the performance
of an act within the scope of his official duties. See en-
closed copy of Opinion No. 0-773, and also 34 Tex. Jur. 534.

As to acts which an officer is under no obligation
to perform because of his official character, he stands as
does any nonofficial person; what such a person may lawfully
do he may do, and contracts which the private individual may
make and enforce he may make and enforce. 34 Tex. Jur. 534-
535.

Honorable Thomas E. Robertson - Page 3

After a careful search of the statutes we are unable to find any official duty placed upon a sheriff to take charge of the personal belongings of an accident victim or, however laudable it may be, to carry the injured to a hospital or call an undertaker for the dead. This would seem to be a duty common to all persons, private or official, owed to any human in distress. Any charge made for such services rendered would stand or fall under the civil law pertaining to recoveries on contracts or quantum meruit. In no event would it be considered as a fee of office.

Article 365, Penal Code of Texas, is as follows:

"If any officer or person authorized by law to demand or receive fees of office, shall willfully collect for himself or for another any fee or fees not allowed by law, or any money as a purported fee for a service or act not done, or any fee or fees due him by law in excess of the fee or fees allowed by law for such services, he shall be confined in the penitentiary not less than two or more than five years for each offense."

It is plain that said next aforementioned article deals only with fees for an <u>official</u> <u>act</u> done or for the <u>failure</u> <u>to</u> <u>do</u> <u>an</u> <u>official</u> <u>act</u>.

Therefore, unless said sheriff collects or collected said sum of money as a fee for the doing of an official act or for his failure to do an official act which it was his legal duty to do, we are constrained to hold that he has not violated any law.

APPROVED JAN 23 1946

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*

Robert L. Lattimore, Jr.
Assistant

RLL:zd
Encl.

